LAWRENCE BREWSTER
Regional Solicitor
DANIELLE L. JABERG
Counsel for ERISA
DONNA F. Bond
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
1111 Third Avenue Suite 945
Seattle, WA 98101
Telephone: 206-553-0940
Facsimile:  206-553-2768
bond.donna@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>vs.<br><br>SONORA ENVIRONMENTAL, L.L.C., an Arizona corporation; LEE JOLLEY, an individual; and SONORA ENVIRONMENTAL, L.L.C. 401(K) PROFIT SHARING PLAN, an employee benefit plan,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF ERISA |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29

U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the United States District for Arizona pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Defendants reside and may be found in Pima County, the Sonora Environmental, L.L.C. 401(k) Profit Sharing Plan was administered in Tucson, Arizona, and the breaches took place in Pima County, within this district.

## DEFENDANTS

4. The Sonora Environmental, L.L.C. 401(k) Profit Sharing Plan (the "Plan" or "401(k) Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5. At all relevant times, Defendant Sonora Environmental, L.L.C. ("Sonora Environmental" or "Company") was and is the Plan Sponsor, Named Fiduciary, and Plan Administrator of the 401(k) Plan, a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

6. At all relevant times, Defendant Lee Jolley was and is the President and owner of Sonora Environmental; was and is Named Fiduciary, and Plan Trustee of the 401(k) Plan, exercised discretionary authority and control respecting the management and disposition of the 401(k) Plan and its assets, exercised discretionary authority and responsibility in the administration of the 401(k) Plan, was and is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and is a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

7.      The 401(k) Plan is named as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

## **ALLEGATIONS**

**Failure of Defendants Sonora Environmental and Lee Jolley to Remit Employee Contributions and Loan Payments to the Plan in a Timely Manner**

8.      Paragraphs 1 through 7 above are realleged and incorporated herein by reference.

9.      At all relevant times, Defendant Lee Jolley was a signatory on the Sonora Environmental corporate bank account(s).

10.     The 401(k) Plan was established effective January 1, 2005 by Defendant Sonora Environmental.  The Plan provided benefits to Sonora Environmental's employees upon retirement, death or disability.

11.     The 401(k) Plan's governing documents, which were adopted by Sonora Environmental and signed by Defendant Lee Jolley, identify Sonora Environmental as the Employer, Named Fiduciary, and Plan Administrator.

12.     The 401(k) Plan's governing documents provide that participants could elect to make deferred compensation contributions to the Plan, and that such deferred amount would be contributed to the Plan and allocated to the individual participants' accounts.

13.     At all relevant times, Defendant Lee Jolley exercised discretionary control and authority over the management of the Plan, Sonora Environmental's payroll, the remittance of employee contributions to the Plan and the disposition of Plan assets.

14.     The 401(k) Plan's governing Plan documents required that employee contributions be remitted to the Plan on the earliest date that they could reasonably be segregated from the assets of Sonora Environmental, the Employer, but no later than the fifteenth business day of the month following the month in which the Contributions would have been paid in cash to the participant.  Based on a review of the Sonora

Environmental's demonstrated pattern and practice, the employee contributions so withheld from the employees' pay could have reasonably been segregated from the Company's assets within six business days.

15. During the period from January 1, 2005 through at least October 2008, Defendants Lee Jolley and Sonora Environmental caused Sonora Environmental to withhold at least $38,000 from employees' pay for salary reduction contributions and loan payments to the 401(k) Plan, but failed to timely remit such amounts so withheld into the 401(k) Plan's account in accordance with the Plan's governing documents and 29 C.F.R. § 2510.3-102(a).

**Failure of Defendants Sonora Environmental and Lee Jolley to Remit Employee Contributions and Loan Payments to the Plan in Whole**

16. Paragraphs 1 through 15 above are realleged and incorporated herein by reference.

17. During the period from October 28, 2005 through at least October 2008, Defendants Lee Jolley and Sonora Environmental caused Sonora Environmental to withhold at least $2,000 from employees' pay for salary reduction contributions and loan payments to the 401(k) Plan, but failed to remit the amounts so withheld into the 401(k) Plan's account. Instead, Defendants retained and commingled the withheld contributions and loan payments with the Company's accounts and used the amounts withheld for non-Plan purposes.

**Failure of Defendants Sonora Environmental and Lee Jolley to Diligently Administer the Plan**

18. Paragraphs 1-17 above are realleged and incorporated herein by reference.

19. Starting in at least January 1, 2005, Defendants failed to administer the Plan as required by ERISA, including failing to file Annual Report Forms 5500 pursuant to ERISA § 104, and failing to secure a fidelity bond as required by ERISA § 412.

20. Article 9.2 of the Plan and Trust Agreement—the document that governs

the Plan and came into effect on January 1, 2005—states that upon termination of the Plan, the Trustee with continue to administer the Plan until distribution of all Plan assets has been made to the participants, which distribution must occur as promptly and administratively feasible as possible after termination of the Plan.

21. Defendants have failed to take sufficient steps to provide for the prudent and complete termination of the Plan, including determining whether participants received proper notice or the Plan distributions to which they were entitled.

## VIOLATIONS OF ERISA

22. Because of the facts and circumstances set forth in Paragraphs 8-21 above, Defendants Sonora Environmental and Lee Jolley, acting in their fiduciary capacities:

a. permitted the assets of the 401(k) Plan to inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. failed to act solely in the interest of the participants and beneficiaries of the 401(k) Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of 401(k) Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. failed to act with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

d. caused the 401(k) Plan to engage in transactions which Defendants knew or should have known constituted a direct or indirect lending of money or other extension of credit between the Plan and a party in interest, in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B);

e. caused the 401(k) Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C.

§ 1106(a)(1)(D); and

  f.  dealt with assets of the Plan in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

23. Because of the facts and circumstances set forth in Paragraphs 8-22 above, Defendants Sonora Environmental and Lee Jolley, acting in their fiduciary capacities:

  a.  failed to act solely in the interest of the participants and beneficiaries of the 401(k) Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of 401(k) Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

  b.  failed to act with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

24. As a direct and proximate result of the breaches of fiduciary duties committed by Sonora Environmental and Lee Jolley, as described in Paragraphs 8-23 above, the 401(k) Plan has suffered losses, including lost-opportunity income, for which Defendants Sonora Environmental and Lee Jolley are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

25. Defendant Sonora Environmental is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in Paragraphs 8-24 above because the Company (1) knowingly participated in, or knowingly undertook to conceal, acts or omissions of Defendant Lee Jolley, while knowing such acts or omissions were breaches; (2) enabled Defendant Lee Jolley to commit such breaches by its failure to comply with § 404(a)(1)(A)&(B) and (a)(1)(D), 11 U.S.C. § 1104(a)(1)(A)&(B) and (a)(1)(D), in the administration of its specific responsibilities

which gave rise to its status as a fiduciary; and (3) had knowledge of Defendant Lee Jolley's breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

26.   Defendant Lee Jolley is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in Paragraphs 8-24 above because he (1) knowingly participated in, or knowingly undertook to conceal, acts or omissions of Defendant Sonora Environmental, while knowing such acts or omissions were breaches; (2) enabled Defendant Sonora Environmental to commit such breaches by his failure to comply with  § 404(a)(1)(A)&(B) and (a)(1)(D), 11 U.S.C. § 1104(a)(1)(A)&(B) and (a)(1)(D), in the administration of his specific responsibilities which gave rise to his status as a fiduciary; or (3) had knowledge of Defendant Sonora Environmental's breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

27.   As a direct and proximate result of the breaches and violations set forth in Paragraphs 18-26 above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including reestablishment of the Plan to collect and distribute employer contributions and lost-opportunity income, and appointment of an independent fiduciary with discretionary authority over the administration and management of the Plan, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

A.   Ordering Defendants Sonora Environmental and Lee Jolley to restore to the 401(k) Plan any losses, including lost-opportunity income earnings, resulting from fiduciary breaches committed by them or for which they are liable;

B.   Ordering a full accounting of the Plan as a result of the fiduciary breaches;

C.   Ordering Defendants Sonora Environmental and Lee Jolley to correct the prohibited transactions in which they engaged or in which they caused the Plan to engage;

D.  Permanently enjoining Defendants Sonora Environmental and Lee Jolley from violating the provisions of Title I of ERISA, including ERISA § 412(a) and (b), 29 U.S.C. § 1112(a) and (b);

E.  Reestablishing the Plan to collect employer contributions, plus lost-opportunity income;

F.  Removing Defendants Sonora Environmental and Lee Jolly as fiduciaries of the 401(k) Plan and permanently enjoining Defendant Lee Jolley from serving as fiduciary of, or service provider to, any ERISA-covered employee benefit plan;

G.  Appointing an independent fiduciary to take over the operation of the 401(k) Plan, to marshal the assets of the 401(k) Plan, to distribute any proceeds which accrue to the 401(k) Plan, to terminate the 401(k) Plan, if necessary and feasible to do so and conclude any Plan-related matters connected with the proper termination of the Plan;

H.  Requiring the Defendants to pay for all costs associated with the appointment and retention of the independent fiduciary;

I.  Requiring the Defendants to cooperate with the independent fiduciary;

J.  Awarding the Secretary the costs of this action; and

K.  Ordering such further relief as is appropriate and just.

Dated:  November 15, 2010

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

BY:     s/Donna F. Bond
        Donna F. Bond

Attorneys for Plaintiff
United States Department of Labor