# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>Sonora Environmental, L.L.C., an Arizona corporation; Lee Jolley, an individual; and Sonora Environmental, L.L.C. 401(K) Profit Sharing Plan, an employee benefit plan,<br><br>    Defendants. | CV 10-675 TUC-JGZ (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, enter an order of default as to Defendant Jolley based on his failure to defend this matter.

**Background**

Plaintiff Hilda Solis, the Secretary of Labor, filed this action on November 15, 2010, alleging that Defendants Sonora Environmental, L.L.C. ("the Company"), its 401(K) Profit Sharing Plan ("401(K) Plan") and, Lee Jolley, as the President and owner of Sonora Environmental and the Trustee of the Company's 401(K) Plan failed to remit employee contributions and loan payments to the 401(K) Plan in a timely manner. On January 18, 2011, Defendant Jolley, individually and as the Managing Member of the Company, filed an Answer.

On April 7, 2011, a scheduling conference was set. On April 28, 2011, the Court noted that the Company and the 401(K) Plan were unrepresented and, citing *Church of the New Testament v. United States*, 783 F.2d 771 (9th Cir.1986), ordered that they obtain counsel prior to the scheduling conference. The scheduling conference was subsequently continued to allow additional time for the defendants to obtain counsel. Despite the extension, counsel for the defendants did not appear for the scheduling conference. Subsequently, the Court set another scheduling conference and warned *the Plaintiff* that if no action was taken with regard to the unrepresented defendants, those defendants would be dismissed from the action without prejudice. The Plaintiff subsequently applied for the entry of default against the Company and the 401(K) Plan. The Clerk entered the defaults on December 15, 2011.

After initially answering the Complaint and contacting the Magistrate Judge's chambers, Defendant Jolley failed to participate in this proceeding. He did not appear for the rescheduled scheduling conferences. Additionally, the docket reflects that mail sent to the defendants, all of which share the same California address, has been returned as undeliverable since October of 2011.

As Defendant Jolley has failed to defend this action and provide his current address, he is in violation of Rule 55(a), Fed.R.Civ.P. As such, on January 4, 2012, the Magistrate Judge issued an Order to Show Cause giving Defedant Jolley thirty days to show cause why the Magistrate Judge should not recommend to the District Court that his default be entered in this matter. As of the date of this recommendation, Defendant Jolley has neither contacted the Court nor filed an affidavit or pleading addressing the Court's order.

**Recommendation**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review and notice to the parties, enter and order of default against Defendant Jolley. The Magistrate Judge **further recommends** that pursuant to Rule 55(b)(2), Fed.R.Civ.P., the Plaintiff be ordered to submit an application for default judgment.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 10-675-TUC-JGZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 9th day of February, 2012.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge